CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853
JAMES A BLUM
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
James.Blum@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:20-CR-116-RFB-BNW |
| Plaintiff, | **Stipulation for Entry of Order of Forfeiture as to Emily Breznau and Order** |
| v. | |
| DAVID RESENDEZ, | |
| Defendant. | |
| EMILY BREZNAU, | |
| Petitioner. | |

Plaintiff United States of America and Emily Breznau, and her counsel, Mikole Bede Soto, agree as follows:

1. On February 11, 2021 the Court ordered the judicial forfeiture of David Resendez's interest in a Beretta 9mm handgun, bearing serial number PX7110T (property). Preliminary Order of Forfeiture, ECF No. 35.

2. Emily Breznau had reported the property stolen in 2016, and the United States became aware of the stolen-property report made by Emily Breznau.

3. Emily Breznau affirms that the property was stolen, that she was the owner of the property at the time of its theft, and that she has not been compensated for its value by any insurer or third party.

1

4. Emily Breznau knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property.

5. Emily Breznau knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

6. Emily Breznau knowingly and voluntarily agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the property.

7. Emily Breznau knowingly and voluntarily agrees to waive her right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes proceedings) of the property.

8. Emily Breznau knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

9. Emily Breznau knowingly and voluntarily agrees to waive any further notice to her, her agents, or her attorneys regarding the forfeiture and disposition of the property.

10. Emily Breznau knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

11. Emily Breznau knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents she filed in any proceedings concerning the property.

12. Emily Breznau knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property.

13. Emily Breznau knowingly and voluntarily agrees to waive her right to a hearing on the forfeiture of the property.

14. Emily Breznau knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses or claims to, (b) any constitutional or statutory

double jeopardy defenses or claims concerning, and (c) any defenses or claims under the Eighth Amendment to the United States Constitution, including, but not limited to, any defenses or claims of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

15. Emily Breznau knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

16. Emily Breznau knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to Emily Breznau and Order (Stipulation).

17. Emily Breznau knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, their agencies, their agents, and their employees from any claim made by her or any third party arising from the facts and circumstances of this case.

18. Emily Breznau knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Emily Breznau now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

19. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

20. After the property is forfeited in the criminal case, the Final Order of Forfeiture is entered, the United States District Court has signed the Stipulation concerning the property, and the United States has no outstanding evidentiary needs concerning the property, within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees to transfer the Beretta 9mm handgun, bearing serial number PX7110T to Emily Breznau.

21. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

22. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

23. Each party shall bear her or its own attorneys' fees, expenses, interest, and costs.

24. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

25. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

26. The Stipulation contains the entire agreement between the parties.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

Dated: May 26, 2021
CHAPMAN VALDEZ & LANSING
36 North Gould Street, Suite 203
Sheridan, Wyoming 82801

*/s/ Mikole Bede-Soto*
MIKOLE BEDE-SOTO
*Counsel for Emily Breznau*

Dated: 05-26-2021

*/s/ Emily Breznau*
EMILY BREZNAU
*Petitioner*

Dated: June 17, 2021
CHRISTOPHER CHIOU
Acting United States Attorney

*/s/ James A. Blum*
JAMES A. BLUM
Assistant United States Attorney
*Attorneys for the United States*

IT IS SO ORDERED:

*/s/ Richard F. Boulware, II*
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

DATED: July 7, 2021